UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>        Plaintiff,<br><br>    v.<br><br>WATERWAY CREATIONS, INC.; CUSTOMERS FIRST ENTERPRISES, INC.; MANGELOS BROTHERS, INC., dba BARNWOOD RESTAURANT; and JOSEPH MANGELOS, dba BARNWOOD RESTAURANT; and DOES 1-10, inclusive,<br><br>        Defendants. | No.  2:14-cv-01223-GEB-KJN<br><br>**ORDER TO SHOW CAUSE AND CONTINUING STATUS (PRETRIAL SCHEDULING) CONFERENCE** |

The July 23, 2014, Order to Show Cause and Continuing Status (Pretrial Scheduling) Conference scheduled a status conference in this case on November 24, 2014, and required the parties to file a joint status report no later than fourteen (14) days prior to the scheduling conference. No status report was filed as ordered.

Therefore, Plaintiff is Ordered to Show Cause ("OSC") in a writing to be filed no later than December 1, 2014, why sanctions should not be imposed against her and/or her counsel under Rule 16(f) of the Federal Rules of Civil Procedure for failure to file a timely status report.[1] The written response

---

[1] This is the second occasion in which Plaintiff has failed to timely file

1

shall also state whether Plaintiff or her counsel is at fault, and whether a hearing is requested on the OSC.[2] If a hearing is requested, it will be held on January 26, 2015, at 9:00 a.m., just prior to the status conference, which is rescheduled to that date and time. A joint status report[3] shall be filed no later than fourteen (14) days prior to the status conference.

IT IS SO ORDERED.

Dated: November 20, 2014

GARLAND E. BURRELL, JR.
Senior United States District Judge

---

a status report.

[2] "If the fault lies with the attorney, that is where the impact of sanction should be lodged. If the fault lies with the clients, that is where the impact of the sanction should be lodged." In re Sanction of Baker, 744 F.2d 1438, 1442 (10th Cir. 1984), cert. denied, 471 U.S. 1014 (1985). Sometimes the faults of attorneys, and their consequences, are visited upon clients. Myers v. Shekter (In re Hill), 775 F.2d 1385, 1387 (9th Cir. 1985).

[3] The failure of one or more of the parties to participate in the preparation of the Joint Status Report does not excuse the other parties from their obligation to timely file a status report in accordance with this Order. In the event a party fails to participate as ordered, the party timely submitting the status report shall include a declaration explaining why it was unable to obtain the cooperation of the other party or parties.

2