UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYNTHIA HOPSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WATERWAY CREATIONS, INC.;<br>CUSTOMERS FIRST ENTERPRISES,<br>INC.; and DOES 1-10,<br>inclusive,<br><br>　　　　Defendants.* | No.  2:14-cv-01223-GEB-KJN<br><br>**DISMISSAL ORDER** |

　　　　The January 22, 2015 Order to Show Cause and Continuing Status (Pretrial Scheduling) Conference required Plaintiff, no later than January 30, 2015, "to show cause why this action should not be dismissed under Federal Rule of Civil Procedure 41 for failure to prosecute." (OSC 2:9-17, ECF No. 11.) Plaintiff filed this action on May 19, 2014, and no Defendant has appeared. Further, despite the issuance of three Orders to Show Cause ("OSC") for the failure to timely file a status report, Plaintiff has not filed a status report in this action.

---

\*　　The caption has been amended according to the voluntary dismissal of Defendants Joseph Mangelos and Mangelos Brothers, Inc. (See Pl.'s Notice of Dismissal, ECF No. 12.)

1

Plaintiff's counsel filed a response to the January 22, 2015 OSC, in which he declares, in relevant part:

> Since none of the Defendants had made an appearance in the lawsuit . . . , Plaintiff did not want to file any entry of defaults as Plaintiff wished to amend the complaint. Plaintiff desired to file a motion to supplement the complaint to add new defendants, DON LEE, and, KEN HILDENBRAND, and . . . slander and defamation causes of action before filing [a] status report. Plaintiff was attempting to gain evidence before making a motion for such an amendment.
>
> . . . .
>
> . . . . I . . . ask that this court at least give plaintiff one last final thirty days to file an amended complaint and attempt to re-serve the remaining defendants with the amended complaint before dismissing the case for failure to prosecute.

(Pl.'s Resp. to OSC ¶¶ 13, 16, ECF No. 13.)

Notwithstanding the referenced request, Plaintiff has not filed a motion seeking leave to amend, and Plaintiff, for the fourth time, failed to timely file a status report. Therefore, the Court considers whether this action should be dismissed for failure to prosecute. Ash v. Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984) ("It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.").

When considering whether to dismiss a party for failure to prosecute, a court must consider:

> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

The first and second factors weigh in favor of dismissal in this case since Plaintiff's failure to prosecute the action has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See <u>Yourish v. Cal. Amplifier</u>, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."); <u>Pagtalunan</u>, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants . . . .").

The third factor concerning the risk of prejudice to Defendants considers the strength of a party's excuse for non-compliance. See <u>Pagtalunan</u>, 291 F.3d at 642-43 (indicating "the risk of prejudice" is related to Plaintiffs' reason for failing to prosecute). Since Plaintiff has provided no reason for her continued failure to prosecute the action, the third factor also favors dismissal.

The fourth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Plaintiff failed to prosecute this action despite the warning that the action could be dismissed as a result. See <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). Further, the dismissal is without prejudice. See <u>Ash</u>, 739 F.3d at 496-97 (9th Cir. 1984) (indicating dismissal without prejudice "is a more easily justified sanction for failure to prosecute").

The fifth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.").

Since the balance of the factors strongly favors dismissal, this action is dismissed without prejudice. The Clerk of the Court shall close this action.

Dated:  March 4, 2015

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge